Vincent R. Maher (SBN 217084)
THE MAHER LAW GROUP, APC
724 Texas St.
Fairfield, CA 94533-5519
Phone: (707) 427-2800
Fax: (707) 427-2220
Email: vince@vincemaherlaw.com

Jeffrey L. Mendelman (SBN 305629)
CASE LAW LTD.
580 California Street, 12th Fl.
San Francisco, CA 94104
Phone: (833) 227-3583
Fax Number:  (415) 520-5405
Email: admin@caselawltd.com

Attorneys for Plaintiff JOHN MARK RAUDELUNAS

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MARK RAUDELUNAS,<br><br>        Plaintiff,<br><br>    vs.<br><br>CITY OF VALLEJO, VALLEJO POLICE DEPARTMENT, VALLEJO FIRE DEPARTMENT, OFFICER JODI BROWN, in her individual capacity, CHIEF SHAWNY WILLIAMS, in his individual capacity, OFFICER STEVE DARDEN, in his individual capacity, OFFICER ZACH HORTON, in his individual capacity, FIRE CAPTAIN JASON GOODNER, in his individual capacity, and DOES 1-50, inclusive,<br><br>        Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**FEDERAL**<br>1. Fourth Amendment Excessive Force (42 U.S.C. § 1983)<br>2. Fourth Amendment False Arrest (42 U.S.C. § 1983)<br>3. Fourth Amendment False Imprisonment (42 U.S.C. § 1983)<br>4. Fourth Amendment Failure to Render Medical Aid (42 U.S.C. § 1983)<br>5. Conspiracy Violation (42 U.S.C. § 1985)<br>6. *Monell* Action, Violation of Fourth Amendment Ultimate Policymaker (42 U.S.C. § 1983)<br>7. *Monell* Action, Policy of Failure to Train and Supervise (42 U.S.C. § 1983)<br>8. *Monell* Action, Violation of Fourth Amendment Pattern, Practice & |

Policy (42 U.S.C. § 1983)
9. *Monell* Action, Violation of Fourth Amendment Ratification (42 U.S.C. § 1983)

**STATE**
10. Elder Abuse (Welf. & Inst. Code, § 15610.63)
11. Assault
12. Battery
13. False Arrest
14. Excessive Force (Cal. Civ. Code § 52.1)
15. Intentional Infliction of Emotional Distress
16. Negligence
17. Negligent Training (Cal. Gov. Code § 815.5)
18. Respondeat Superior
19. Private Attorneys Fees (Cal. Civ. Code § 1021.5)
20. Punitive Damages
21. Injunctive Relief

**JURY TRIAL DEMANDED**

**INTRODUCTION**

1. This action arises out of Defendant Vallejo Police Officers and Vallejo Police Fire Department Officers, using excessive force, and specifically, Vallejo Police Officer Jodi Brown who unlawfully Tasered then-71 year-old, physically disabled Plaintiff John Mark Raudelunas causing significant injuries at his then-home at 1338 Nebraska Street, Vallejo, California at approximately 5:00 p.m. on August 19, 2019. Officer Jodi Brown has a history of using excessive force and such was known to Defendant City of Vallejo, which failed to train her or properly discipline her for prior similar acts.

///

COMPLAINT FOR DAMAGES

## JURISDICTION

2. This action arises under Title 42 of the United States Code, section 1983. This court has subject matter jurisdiction pursuant to 28 United States Code section 1331, 1343, and 2201. The Court has pendent jurisdiction and supplemental jurisdiction over the state law claims alleged in this Complaint pursuant to 28 U.S.C. section 1367.

3. All administrative remedies have been exhausted. In compliance with California Government Code section 910 et seq., Mr. Raudelunas filed an administrative claim for damages under the California Tort Claims Act and presented it to Defendant City of Vallejo, which denied the claim. By operation of law, the claim was stayed during the pendency of the parallel criminal matter which was dismissed on February 9, 2021.

4. The unlawful acts and practices alleged herein occurred in Vallejo, Solano County, California, which is within this judicial district. Title 28 United States Code section 1391, subdivision (b) confers venue upon this Court.

## PARTIES

5. Plaintiff JOHN MARK RAUDELUNAS, a resident of PLACER COUNTY, CALIFORNIA, sues in his individual capacity. Plaintiff John Mark Raudelunas is readily recognizable as a senior, and is aged 73.

6. Defendant CITY OF VALLEJO ("Defendant City") is and at all times herein mentioned a municipal entity, duly organized and existing under the laws of the State of California, that manages and operates the VALLEJO POLICE DEPARTMENT and VALLEJO FIRE DEPARTMENT.

7. Defendants JODI BROWN, STEVE DARDEN, AND ZACH HORTON, as officers of the VALLEJO POLICE DEPARTMENT and SHAWNY WILLIAMS as CHIEF of the

VALLEJO POLICE DEPARTMENT in their official capacities and in their individual capacities are legally responsible and liable for the incident, injuries and damages hereinafter set forth. Each defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, violation of public policy, and false arrests. Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission.

8. Defendant JASON GOODNER, as a fire captain of the VALLEJO FIRE DEPARTMENT, in his official capacity and in his individual capacity are legally responsible and liable for the incident, injuries and damages hereinafter set forth. Each defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, violation of public policy, and false arrests. Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission.

9. In doing the acts and/or omissions alleged herein, Defendants, and each of them acted within the course and scope of their employment for the Vallejo Police Department and/or Vallejo Fire Department.

10. In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law.

11. Due to the acts and/or omissions alleged herein, Defendants, and each of them acted as the agent, servant, and employee and/or in concert with each of said other Defendants herein.

12. Plaintiff filed a timely government claim on or about January 9, 2019 and the claim was rejected on or about February 20, 2020. The statute of limitations was tolled by operation of law until the criminal case was dismissed on February 9, 2021. The instant complaint was timely filed within six months of February 9, 2021.

## STATEMENT OF FACTS

13. Defendant Officer Jodi Brown is known throughout the Vallejo Police Department and in the City of Vallejo as an officer who engages in excessive force and needlessly escalates simple encounters through use of force. She has terrorized local business owners by engaging in over-zealous harassing searches of their premises, as well as battering their employees without cause or justification.

14. By way of example, on September 1, 2015, Defendant Officer Jodi Brown was patrolling the City of Vallejo when she saw what appeared to be a male and female running towards a business in Vallejo. She decided to approach the business and did not activate her overhead lights, did not state why she was there or issue any instructions. An employee of the business closed and locked the door to the business as it was closing time. Officer Jodi Brown became concerned that the employee was trying to keep her from entering the premises. She grabbed the front door and tried to force it open. Once she forced it open, she then aimed a Taser gun at the employee and had him exit the store. Officer Brown fabricated charges of battery on a police officer and resisting arrest against the employee. The Administrative Law Judge found that Officer Brown's

testimony in that matter was not credible as video evidence demonstrated that her assertions under oath and in her police report were unsupported.  She has been named in at least two lawsuits in this jurisdiction, to wit, Cases 2:14-cv-01749 & 2:16-cv-02271 for excessive force. Despite this clear history of unlawful use of force, Officer Jodi Brown remains on active duty where she is given discretion to use her firearm and Taser against the civilians of the City of Vallejo.

15. On information and belief, despite this well documented history of excessive force and abuse of authority, Defendant Officer Brown has never been disciplined by the Vallejo Police Department or its managing agents, nor received any remedial training on use of force.

16. It is August 19, 2019, at approximately 5:15 p.m. at or near 1338 Nebraska Street, Vallejo, California 94590.

17. Plaintiff is driving his vehicle when another motorist throws an object at him and hits him in the head. He attempts to pull over and call 911; however the motorist speeds off. He pursues the motorist but is unsuccessful. It should be noted that Mr. Raudelunas' license plate is clearly marked with a disabled person insignia.

18. The police arrive including Defendant Officer Jodi Brown, who is completely unhelpful. Mr. Raudelunas provides her his license and registration amongst a stack of papers and Officer Brown refuses to take them in dereliction of her duties as a peace officer. Frustrated and disrespected, Mr. Raudelunas decides to leave, gets into his car and drives home, located a short distance away, at a reasonable speed and following the rules of the road.

19. As soon as he exits his car at his house, Officer Jodi Brown shoots him point blank with her Taser without justification.

20. Mr. Raudelunas falls to the concrete ground in pain, losing control of his muscles and sustaining significant injury. Mr. Raudelunas immediately notifies the police of his back problems, to which the police demonstrate a disregard to his health and safety. Mr. Raudelunas likewise notifies the police that he wears hearing aids.

21. Defendant Officer Brown fails to call for any medical aid.

22. Instead, Defendant Officer Brown spends her time conducting an interview of Defendant JASON GOODNER a Vallejo Fire Department Captain to attempt to provide cover for her unlawful and egregious acts. Defendant GOODNER allegedly states, per Defendant Officer Brown's police report, "I saw an uncooperative guy at the scene of the collision and you asked for his license and registration. He threw it at you because you would not take it apart. He basically said, 'fuck it', I am going to leave. He backed up and it looked like he almost hit you. I was moving our engines to move it in case he backed up into us. He peeled out of the parking lot and you went after him." This statement is FALSE and is a FRAUD to attempt to shield Officer Brown from liability for her outrageous conduct. The video of the incident is clear that Mr. Raudelunas *never backs up* at all and Officer Brown is never under any sort of threat whatsoever at any time.

23. Officer Brown likewise attempts to justify her heinous use of force on an elderly, disabled man by stating, "The driver got out of the vehicle and was ordered to get on the ground approx. three times and he refused to comply with my commands. I observed his right hand go out of view at waist band level, and believed he was going to try to open the vehicle door. I was concerned for officer safety reasons that he may try to access a

weapon and the vehicle had not been searched. In addition, I was a solo officer at the time of the deployment and S-Raidelunas is 5-11 and 200lbs. I deployed my taser at S-Raudelunas lower chest. S-Raudelunas fell to the ground and was detained." This statement is FALSE and is a FRAUD to attempt to shield Officer Brown from liability for her outrageous conduct. In fact, Mr. Raudelunas had already closed his door and was calmly talking to Officer Brown when she shot him point blank in the chest, knowing that he was elderly, disabled, and standing on concrete.

24. Defendants Officers DARDEN and HORTON arrive. Officer DARDEN rudely addresses Mr. Raudelunas and ratifies Defendant Brown's use of force. Officer Darden likewise expressly ratifies the false police report authored by Defendant Brown in this matter. Officer Horton ratifies the conduct of Officer Brown by placing Mr. Raudelunas under arrest for among other charges, resisting arrest in violation of Penal Code section 148, subdivision (a)(1).

25. Mr. Raudelunas suffered significant injury from the Taser and the fall therefrom, as well as emotional distress, fear, terror, anxiety, humiliation and a loss of sense of security, dignity and pride.

26. After having lived in the City of Vallejo for several years, Mr. Raudelunas decides to move to another jurisdiction where police protect and serve rather than victimize elderly citizens without cause. Mr. Raudelunas is diagnosed with post-traumatic stress disorder ("PTSD") from this experience and suffers significantly due to this experience.

## **DAMAGES**

27. As a proximate result of Defendants' conduct, Plaintiff suffered excessive force injuries due to the Taser and falling to the concrete ground. As a further proximate result of

Defendants' conduct, Plaintiff suffered physical injury, emotional distress, fear, terror, anxiety, humiliation, and a loss of sense of security, dignity, and pride.

28. The conduct of the Defendant Officers was malicious, wanton, and oppressive. Plaintiff is therefore entitled to an award of punitive damages against said Defendant Officers.

## **QUALIFIED IMMUNITY NO DEFENSE**

29. Defendants might argue that they are entitled to qualified immunity. The qualified immunity defense inquiry generally involves two issues: (1) whether the facts, viewed in the light most favorable to the plaintiff, establish a constitutional violation; and (2) whether it would be clear to a reasonable officer that his conduct was unlawful in the situation confronted. *Castro v. County of Los Angeles*, 833 F.3d 1060, 1066 (9th Cir. 2016).

30. In determining the second issue (i.e., whether it would be clear to a reasonable officer that his conduct was unlawful in the situation confronted), courts in the Ninth Circuit consider three factors: (1) whether the right in question was defined with 'reasonable specificity'; (2) whether the decisional laws of the Supreme Court and the applicable circuit court support the existence of the right in question; and (3) whether under preexisting law a reasonable Defendant official would have understood that his or her acts were unlawful.

31. A court may "exercise [its] sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first." *Pearson v. Callahan*, 555 U.S. 223, 236 (2009) (noting that analyzing first then second prong, while not mandatory, "is often beneficial[,] . . . promotes the development of constitutional precedent and is

especially valuable with respect to questions that do not frequently arise in cases in which a qualified immunity defense is unavailable")

32. Whether a right is clearly established turns on whether it is "sufficiently definite that any reasonable official in the Defendant's shoes would have understood he was violating it." *Nicholson v. City of Los Angeles*, 935 F.3d 685, 695 (9th Cir. 2019) (quoting *Kisela v. Hughes*, 138 S. Ct. 1148, 1153 (2018)). Regarding the second prong, the Ninth Circuit has explained: "We begin our inquiry into whether this constitutional violation was clearly established by defining the law at issue in a concrete, particularized manner." *Shafer v. County of Santa Barbara*, 868 F.3d 1110, 1117 (9th Cir. 2017). The Ninth Circuit also confirmed that it is the plaintiff who bears the burden of showing that the rights allegedly violated were clearly established. *Id.* at 1118. Qualified immunity is a question of law, not a question of fact. *Torres v. City of Los Angeles*, 548 F.3d 1197, 1210 (9thCir. 2008).

33. Defendants, and each of them, were not presented with any facts which required the use of a Taser. As Sworn Law Enforcement Officers who are bound by their oath of office to uphold the laws of the United States of America, Defendants, and each of them, are presumed to know the limits of an unlawful search and arrest under the Fourth Amendment of the Constitution. These Defendants, and each of them, willfully, knowingly and with a conscious disregard of Mr. Raudelunas' health, safety, and rights violated Mr. Raudelunas' Fourth Amendment Rights against unreasonable seizures, arrest, search, wrongful prosecution, and wrongful imprisonment.

///

///

1

## RESPONDEAT SUPERIOR FOR STATE LAW TORTS

2

34. Plaintiff claims that Defendant CITY OF VALLEJO is liable under the theory of

3

respondeat superior for their Defendant employees. Municipalities may be held

4

5

vicariously liable for state law torts committed by police officers and employees under a

6

theory of respondeat superior. Therefore, the respondeat superior claims against the

7

CITY OF VALLEJO regarding Defendant employees of the VALLEJO POLICE

8

DEPARTMENT and VALLEJO FIRE DEPARTMENT are valid claims, establishing

9

10

liability against Defendant CITY OF VALLEJO.

11

## RATIFICATION, ADOPTION AND AUTHORIZATION

12

35. Defendant CITY OF VALLEJO and their managing agents, in their individual

13

14

capacities, ratified, adopted, and authorized each of the DEFENDANTS and managing

15

agents' illegal conduct. Defendant CITY OF VALLEJO and their managing agents, in

16

their individual capacities, knew, or should have known, that Defendant CITY OF

17

VALLEJO and their managing agents were engaging in illegal conduct and had been

18

19

warned, informed, and given prior notice of the illegal conduct.

20

36. It is well established that when an employer ratifies the tortious conduct of an employee,

21

he or she becomes "liable for the employee's wrongful conduct as a joint participant."

22

*Fretland v. County of Humboldt* (1999) 69 Cal.App.4th 1478, 1489-1490. An employer

23

24

who fails to discipline an employee after being informed of that employee's improper

25

conduct can be deemed to have ratified that conduct. *Hart v. National Mortgage & Land*

26

*Co.* (1987) 189 Cal.App.3d 1420, 1430.

27

37. At all relevant times herein, Defendant CITY OF VALLEJO and their managing agents,

28

in their individual capacities, had actual and constructive knowledge of managing agent

employees' illegal conduct and have endorsed, ratified, and encouraged managing agent employees' illegal behavior. Defendant CITY OF VALLEJO and their managing agents, in their individual capacities, failed to take any corrective action to protect the public from managing agent employees' illegal behavior.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**(Fourth Amendment Excessive Force (42 U.S.C. § 1983))**

(*Against Defendants JODI BROWN, STEVE DARDEN, ZACH HORTON, JASON GOODNER and DOES 1-50, inclusive*)

38. Plaintiff re-alleges and incorporate by reference all preceding paragraphs of this Complaint.

39. At the time Defendant Officers seized Plaintiff, they engaged in excessive force by immediately shooting him with a Taser, causing injury itself as well as when he fell directly onto the concrete of his driveway without giving him any commands, which violated Plaintiff's right to be free from unreasonable and excessive force as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution.

40. As a result of their misconduct, Defendant Officers are liable for Plaintiff's injuries and damages, either because they were integral participants in the excessive force or because they failed to intervene to prevent these violations.

WHEREFORE, Plaintiff pray for relief as hereinafter set forth.

### SECOND CAUSE OF ACTION

**(Fourth Amendment False Arrest (42 U.S.C. § 1983))**

(*Against Defendants JODI BROWN, STEVE DARDEN, ZACH HORTON, JASON GOODNER and DOES 1-50, inclusive*)

41. Plaintiff re-alleges and incorporate by reference all preceding paragraphs of this Complaint.

42. At the time Defendant Officers seized Plaintiff, they engaged in false arrest by arresting Mr. Raudelunas without probable cause.

43. As a result of their misconduct, Defendant Officers are liable for Plaintiff's injuries and damages, either because they were integral participants in the false arrest or because they failed to intervene to prevent these violations.

WHEREFORE, Plaintiff pray for relief as hereinafter set forth.

## THIRD CAUSE OF ACTION

### (Fourth Amendment False Imprisonment (42 U.S.C. § 1983))

(*Against Defendants JODI BROWN, STEVE DARDEN, ZACH HORTON, JASON GOODNER and DOES 1-50, inclusive*)

44. Plaintiff re-alleges and incorporate by reference all preceding paragraphs of this Complaint.

45. Plaintiff alleges that individual Defendants and each of them, violated his Fourth Amendment rights by subjecting him to "an unreasonable search and seizure of his person" and the "loss of his physical liberty."

46. As a result of their misconduct, Defendant Officers are liable for Plaintiff's injuries and damages, either because they were integral participants in the false arrest or because they failed to intervene to prevent these violations.

WHEREFORE, Plaintiff pray for relief as hereinafter set forth.

**FOURTH CAUSE OF ACTION**

**(Fourth Amendment Failure to Render Medical Aid (42 U.S.C. § 1983))**

(*Against Defendants JODI BROWN, STEVE DARDEN, ZACH HORTON, JASON GOODNER and DOES 1-50, inclusive*)

47. Plaintiff re-alleges and incorporate by reference all preceding paragraphs of this Complaint.

48. A suspect has a Fourth Amendment right to objectively reasonable post-arrest medical care until the end of the seizure, which lasts at least until an arrestee arrives at the police station. See, e.g., *Estate of Cornejo ex rel. Solis v. City of Los Angeles*, 618 F.App'x 917, 920 (9th Cir. 2015).

49. After shooting Mr. Raudelunas point blank in his chest, Defendants failed to provide timely medical aid.

50. Defendants' conduct was the direct and proximate cause of Mr. Raudelunas' injuries, damages and harms including his economic and non-economic damages. The individual Defendants herein acted with deliberate indifference, malice, fraud and oppression in their total disregard for Mr. Raudelunas' constitutional rights, health and safety. Defendants' intentional conduct resulting in the deprivation of Mr. Raudelunas' constitutional rights entitled Mr. Raudelunas to punitive damages against each of the individual defendants.

WHEREFORE, Plaintiff pray for relief as hereinafter set forth.

**FIFTH CAUSE OF ACTION**

**(Conspiracy Violation (42 U.S.C. § 1985))**

(Against Defendants Jodi Brown, Steve Darden and Jason Goodner)

51. Plaintiff re-alleges and incorporate by reference all preceding paragraphs of this Complaint.

52. To recover under a 42 U.S.C. § 1985 conspiracy claim for deprivation of civil rights, a plaintiff must prove (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws…; (3) an act in furtherance of the conspiracy; (4) whereby a person is… deprived of any right of a citizen of the United States.

53. Defendants Jodi Brown, Steve Darden and Defendant Jason Goodner acted in concert to fabricate statements in order to justify Defendant Jodi Brown's use of excessive force against Mr. Raudelunas that each Defendant knew was not justified. Defendants fabrication and falsification of evidence were overt acts in furtherance of this conspiracy to deprive Mr. Raudelunas the protections of the Fourth Amendment, and substantive due process under the Fourteenth Amendment, to lead to his false arrest and false imprisonment.

54. Defendants' conduct was the direct and proximate cause of Mr. Raudelunas' injuries, damages and harms including his economic and non-economic damages. The individual Defendants herein acted with deliberate indifference, malice, fraud and oppression in their total disregard for Mr. Raudelunas' constitutional rights, health and safety. Defendants' intentional conduct resulting in the deprivation of Mr. Raudelunas' constitutional rights entitled Mr. Raudelunas to punitive damages against each of the individual defendants.

WHEREFORE, Plaintiff pray for relief as hereinafter set forth.

///

**SIXTH CAUSE OF ACTION**

(*Monell* **Action, Violation of Fourth Amendment Ultimate Policymaker (42 U.S.C. §**

**1983))**

(*Against Defendants JODI BROWN, STEVE DARDEN, ZACH HORTON, JASON*

*GOODNER and DOES 1-50, inclusive*)

55. Plaintiff re-alleges and incorporate by reference all preceding paragraphs of this

Complaint.

56. Defendant Shawny Williams acted under color of state law.

57. The acts of Defendant Shawny Williams deprived Plaintiff of his particular rights under

the United States Constitution.

58. Defendant Shawny Williams had final policymaking authority from Defendant City of

Vallejo concerning these acts.

59. When Defendant Shawny Williams engaged in these acts, he was acting as a final

policymaker for Defendant City of Vallejo and

60. The acts of Defendant Shawny Williams caused the deprivation of Plaintiff's rights, that

is, the Defendant's acts were so closely related to the deprivation of the plaintiff's rights

as to be the moving force that caused the ultimate injury.

WHEREFORE, Plaintiff pray for relief as hereinafter set forth.

**SEVENTH CAUSE OF ACTION**

(*Monell* **Action, Policy of Failure to Train and Supervise (42 U.S.C. § 1983))**

(*Against Defendants CITY OF VALLEJO, SHAWNY WILLIAMS, JODI BROWN,*

*STEVE DARDEN, ZACH HORTON, JASON GOODNER and DOES 1-50,*

*inclusive*)

61. Plaintiff re-alleges and incorporate by reference all preceding paragraphs of this Complaint.

62. The acts or failure to intervene of Defendants deprived Plaintiff of his Fourth Amendment rights under the United States Constitution.

63. Defendants acted under color of state law.

64. The training policies of the defendant City of Vallejo were not adequate to train its police officers to handle the usual and recurring situations which they must deal.

65. The Defendant City of Vallejo was deliberately indifferent to the known or obvious consequences of its failure to train its police officers adequately and

66. The failure of the defendant City of Vallejo to provide adequate training caused the deprivation of the plaintiff's rights by the Defendant police officers and employees; that is, the defendant's failure to train is so closely related to the deprivation of plaintiff's rights as to be the moving force that caused the ultimate injury.

WHEREFORE, Plaintiff pray for relief as hereinafter set forth.

## EIGHTH CAUSE OF ACTION

**(*Monell* Action, Violation of Fourth Amendment Pattern, Practice & Policy (42 U.S.C. § 1983))**

*(Against Defendants CITY OF VALLEJO, SHAWNY WILLIAMS, JODI BROWN, STEVE DARDEN, ZACH HORTON, JASON GOODNER and DOES 1-50, inclusive)*

67. Plaintiff re-alleges and incorporates by reference the preceding paragraphs of this Complaint.

68. Plaintiff is informed and believes and thereon allege that high ranking CITY OF VALLEJO POLICE DEPARTMENT and CITY OF VALLEJO FIRE DEPARTMENT officials, including high-ranking supervisors and DOES 26-50, and/or each of them, knew and/or reasonably should have known about systemic, acts of misconduct by Defendants, and DOES 1-25, and/or each of them. Plaintiff believes that these Defendant officers have a custom, practice and/or policy of using excessive force, making unlawful detentions and/or arrests, not documenting their use of excessive force and not receiving punishment and/or training in order to prevent the continued abuse of citizens' constitutional rights. Plaintiff believes there exists a custom and/or practice of using excessive force and not documenting it and/or not imposing any discipline, because officer JODI BROWN has engaged in excessive force before.

69. Despite such notice, Plaintiff is informed and believes and thereon allege that Defendants and DOES 26-50, and/or each of them, approved, ratified, condoned, encouraged, sought to cover up, and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by said officers.

70. Plaintiff is further informed and believe and thereon allege that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendants, and DOES 1-25, and/or each of them, the CITY OF VALLEJO POLICE DEPARTMENT and CITY OF VALLEJO FIRE DEPARTMENT encouraged these Officers to continue their course of misconduct, which includes failing to adequately train or discipline officers who engage in excessive force under color of law rather than reasonable force, resulting in violation of Plaintiff's rights under the Fourth Amendment to be free from unreasonable searches and seizures and excessive force as alleged herein.

71. Plaintiff further alleges that Defendant DOES 26-50, and/or each of them, were on notice of Constitutional defects in their training of CITY OF VALLEJO Police Officers and CITY OF VALLEJO fire department officers, including, but not limited to their use of excessive force.

72. The aforementioned acts and/or omissions and/or deliberate indifference by high ranking City officials, including high ranking CITY OF VALLEJO POLICE DEPARTMENT and CITY OF VALLEJO FIRE DEPARTMENT supervisors DOES 26-50, Defendants DOES 1-25, and each of them, resulted in the deprivation of Plaintiff's constitutional rights including, but not limited to the right to be free from unreasonable searches and seizures, as guaranteed by the Fourth Amendment to the United States Constitution, the right not to be deprived of life, liberty or property without due process of law, as guaranteed by the Fourteenth Amendment of the United States Constitution and the right to be free from excessive force by law enforcement officers, as guaranteed by the Fourth Amendment to the United States Constitution.

WHEREFORE, Plaintiff pray for relief as hereinafter set forth.

## NINTH CAUSE OF ACTION

**(*Monell* Action, Violation of Fourth Amendment Ratification (42 U.S.C. § 1983))**

*(Against Defendants CITY OF VALLEJO, SHAWNY WILLIAMS, JODI BROWN, STEVE DARDEN, ZACH HORTON, JASON GOODNER and DOES 1-50, inclusive)*

73. Plaintiff re-alleges and incorporate by reference all preceding paragraphs of this Complaint.

74. Defendant Jodi Brown acted under color of state law;

75. Defendant Jodi Brown deprived the Plaintiff of his particular rights under the United States Constitution.

76. Defendant Shawny Williams had final policymaking authority from Defendant City of Vallejo concerning the acts of Defendant Jodi Brown and

77. Defendant Shawny Williams ratified Defendant Jodi Brown's acts, that is Shawny Williams knew of and specifically made a deliberate choice to approve of Defendant Jodi Brown's act and the basis for it.

WHEREFORE, Plaintiff pray for relief as hereinafter set forth.

### **TENTH CAUSE OF ACTION**

**(Elder Abuse (Welf. & Inst. Code, § 15610.63))**

(Against Defendants Jodi Brown and City of Vallejo)

78. Plaintiff re-alleges and incorporate by reference all preceding paragraphs of this Complaint.

79. That Defendant Brown physically abused Plaintiff by shooting him with a Taser without justification.

80. That Plaintiff was 65 years of age or older at the time of the conduct.

81. That Plaintiff was harmed; and

82. That Defendant Jodi Brown's conduct was a substantial factor in causing Plaintiff's harm.

WHEREFORE, Plaintiff pray for relief as hereinafter set forth.

///

///

///

1

## **ELEVENTH CAUSE OF ACTION**

2

### **(Assault)**

3

(*Against Defendants CITY OF VALLEJO, SHAWNY WILLIAMS, JODI BROWN,*

4

*STEVE DARDEN, ZACH HORTON, JASON GOODNER and DOES 1-50,*

5

6

*inclusive*)

7

83. Plaintiff re-alleges and incorporate by reference all preceding paragraphs of this

8

Complaint.

9

10

84. That Defendants acted, intending to cause harmful contact.

11

85. That Plaintiff reasonably believed that he was about to be touched in a harmful manner.

12

86. That Plaintiff did not consent to the Defendant's conduct.

13

87. That Plaintiff was harmed.

14

15

88. That Defendants' conduct was a substantial factor in causing Plaintiff's harm.

16

WHEREFORE, Plaintiff pray for relief as hereinafter set forth.

17

## **TWELFTH CAUSE OF ACTION**

18

### **(Battery)**

19

20

(*Against Defendants CITY OF VALLEJO, SHAWNY WILLIAMS, JODI BROWN,*

21

*STEVE DARDEN, ZACH HORTON, JASON GOODNER and DOES 1-50,*

22

*inclusive*)

23

89. Plaintiff re-alleges and incorporate by reference all preceding paragraphs of this

24

Complaint.

25

26

90. That Defendants touched Plaintiff with the intent to harm or offend him.

27

91. That Plaintiff did not consent to the touching and

28

92. That Plaintiff was harmed by Defendants' conduct.

WHEREFORE, Plaintiff pray for relief as hereinafter set forth.

### THIRTEENTH CAUSE OF ACTION

### (False Arrest)

*(Against Defendants CITY OF VALLEJO, JODI BROWN, STEVE DARDEN,*

*ZACH HORTON, JASON GOODNER and DOES 1-50, inclusive)*

93. Plaintiff re-alleges and incorporate by reference the preceding paragraphs of this Complaint.

94. "To state a claim for false arrest under California law, a plaintiff must show that (1) the defendant intended to confine the plaintiff; (2) the plaintiff was conscious of the confinement; (3) the plaintiff did not consent to the confinement; and (4) the confinement was not otherwise privileged."

95. Defendants' above-described conduct constituted interference, and attempted interference, by threats, intimidation and coercion, with the Plaintiff's peaceable exercise and enjoyment of rights, including but not limited to their right to be free from unreasonable searches and seizures, to due process, to equal protection of the laws, to be free from state actions that shock the conscience, and to life, liberty and property, secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code section 52.1.

WHEREFORE, Plaintiff pray for relief as hereinafter set forth.

### FOURTEENTH CAUSE OF ACTION

### (Excessive Force in violation of Cal. Civ. Code § 52.1 "The Bane Act")

*(Against Defendants CITY OF VALLEJO, JODI BROWN, STEVE DARDEN,*

*ZACH HORTON, JASON GOODNER and DOES 1-25, inclusive)*

96. Plaintiff re-alleges and incorporate by reference the preceding paragraphs of this Complaint.

97. Defendants' above-described conduct constituted interference, and attempted interference, by threats, intimidation and coercion, with the Plaintiff's peaceable exercise and enjoyment of rights, including but not limited to their right to be free from unreasonable searches and seizures, to due process, to equal protection of the laws, to be free from state actions that shock the conscience, and to life, liberty and property, secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code section 52.1.

WHEREFORE, Plaintiff pray for relief as hereinafter set forth.

## FIFTEENTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)

(Against Defendant Jodi Brown)

98. Plaintiff re-alleges and incorporate by reference the preceding paragraphs of this Complaint.

99. Defendants' conduct of violating the constitutional rights of Mr. Raudelunas with an intentional and conscious deliberate indifference to his liberty, health, safety, property and constitutional rights is extreme and outrageous conduct that should not be tolerated in our civilized society.

100. Defendants' conduct was the direct and proximate cause of Mr. Raudelunas' injuries, damages and harms, including his economic and non-economic damages. The individual Defendants herein acted with deliberate indifference, malice, fraud and oppression in their total disregard of Mr. Raudelunas' constitutional rights, health and safety.

Defendants' intentional conduct, resulting in the deprivation of Mr. Raudelunas'

constitutional rights, entitles Mr. Raudelunas to punitive damages against each of the

individual defendants.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SIXTEENTH CAUSE OF ACTION

### (Negligence)

(*Against Defendants CITY OF VALLEJO, JODI BROWN, STEVE DARDEN,*

*ZACH HORTON, JASON GOODNER and DOES 1-50, inclusive*)

101.    Plaintiff re-alleges and incorporate by reference paragraphs 1 through 20 of this

Complaint.

102.    The present action is brought pursuant to sections 820 and 815.2 of the California

Government Code. Pursuant to section 820 of the California Government Code, as

public employees, DOES 1-25 are liable for injuries caused by their acts or omissions to

the same extent as a private person. At all times mentioned herein, DOES 1-25 were

acting within the course and scope of their employment and/or agency with Defendant

City. As such, Defendant City is liable in *respondeat superior* for the injuries caused by

the acts and omissions of DOES 1-25 pursuant to 815.2 of the California Government

Code.

103.    Defendant Officers negligently and without due care violently arrested Plaintiff

without legal justification. Plaintiff was injured as a proximate and direct cause of

Defendants' negligent conduct.

104.   The violent arrest of Plaintiff at his home occurred as a result of the absence of due care for the safety of others and constituted an unreasonable, unwarranted, and excessive use of force and manifested an unreasonable risk of injury to Plaintiff.

WHEREFORE, Plaintiff pray for relief as hereinafter set forth.

<u>**SEVENTEETH CAUSE OF ACTION**</u>

**(Negligent Training (Cal. Govt. Code § 815.5))**

(Against all Defendants)

105.   Plaintiff re-alleges and incorporate by reference paragraphs 1 through 20 of this Complaint.

106.   Defendant City of Vallejo liability is based on a policy that this Defendant fails to prevent violations of law by their failure to train their Police Officers.

107.   As the evidence above shows, Defendant City of Vallejo Police Officers lacked sufficient training, supervision, and competence to protect the constitutional rights of Mr. Raudelunas.

108.   Defendant City of Vallejo's incompetence resulted in the harm to Mr. Raudelunas.

109.   Defendant City of Vallejo's conduct was the direct and proximate cause of Mr. Raudelunas' injuries, damages and harms including his economic and non-economic damages. The individual Defendants herein acted with deliberate indifference, malice, fraud and oppression in their total disregard of Mr. Raudelunas' constitutional rights, health and safety. Defendants' intentional conduct, resulting in the deprivation of Mr. Raudelunas' constitutional rights, entitles Mr. Raudelunas to punitive damages against each of the individual defendants.

WHEREFORE, Plaintiff pray for relief as hereinafter set forth.

## EIGHTEENTH CAUSE OF ACTION

### (Respondeat Superior)

(*Against Defendants CITY OF VALLEJO, JODI BROWN, STEVE DARDEN,*

*ZACH HORTON, JASON GOODNER and DOES 1-50, inclusive*)

110.    Plaintiff re-alleges and incorporate by reference all preceding paragraphs of this

Complaint.

111.    Plaintiff claims that he was harmed by Defendants' conduct.

112.    Plaintiff also claims that Defendant City of Vallejo is responsible for the harm

because Defendant Jodi Brown was acting as its employee when the incident occurred.

113.    Defendant City of Vallejo is responsible if Plaintiff proves both that (1) Defendant

Jodi Brown was Defendant City of Vallejo's employee; and (2) that Defendant Jodi

Brown was acting within the scope of her employment when she harmed Plaintiff.

WHEREFORE, Plaintiff pray for relief as hereinafter set forth.

## NINETEENTH CAUSE OF ACTION

### (Private Attorneys Fees (Cal. Civ. Code § 1021.5))

(Against all Defendants)

114.    Plaintiff re-alleges and incorporate by reference paragraphs 1 through 20 of this

Complaint.

115.    Plaintiff hereby seeks attorney fees pursuant to Civil Code section 1021.5, the Private

Attorney General's Law to vindicate public rights and public safety. This action is too

significant to the constitutional rights of all American citizens and persons, such that the

cost of this litigation should not be borne solely by Plaintiff on whom DEFENDANTS

parachuted their wrongful conduct.

WHEREFORE, Plaintiff pray for relief as hereinafter set forth.

## TWENTIETH CAUSE OF ACTION

### (Punitive Damages)

(*Against Defendants SHAWNY WILLIAMS, JODI BROWN, STEVE DARDEN,*

*ZACH HORTON, JASON GOODNER and DOES 1-50, inclusive*)

116.     Plaintiff re-alleges and incorporate by reference all preceding paragraphs of this

Complaint.

117.     The individual defendants herein acted with deliberate indifference, malice, fraud,

and oppression in their total disregard of Mr. Raudelunas' constitutional rights, health

and safety. Defendants' intentional conduct, resulting in the deprivation of Mr.

Raudelunas' constitutional rights, entitle Mr. Raudelunas to punitive damages against

each of the individual defendants.

WHEREFORE, Plaintiff pray for relief as hereinafter set forth.

## TWENTY-FIRST CAUSE OF ACTION

### (Injunctive Relief)

(*Against Defendants CITY OF VALLEJO, SHAWNY WILLIAMS, JODI BROWN,*

*STEVE DARDEN, ZACH HORTON, JASON GOODNER and DOES 1-50,*

*inclusive*)

118.     Plaintiff re-alleges and incorporate by reference all preceding paragraphs of this

Complaint.

119.     Plaintiff seeks an order requiring Defendants to institute and enforce appropriate and

lawful policies and procedures for disciplining officers who engage in excessive force.

120.    Plaintiff further seeks an order removing Defendant Jodi Brown from active duty due to her history of excessive force and risk of imminent irreparable harm to the Vallejo community.

WHEREFORE, Plaintiff pray for relief as hereinafter set forth.

## JURY DEMAND

121.    Pursuant to Rule 38, subdivision (b), Federal Rules of Civil Procedure and Rule 201, Local Rules, United States District Court, Eastern District of California, Plaintiff hereby demands a jury trial for all the issues plead herein so triable.

## PRAYER

WHEREFORE, Plaintiff pray for relief, as follows:

1.    For general damages in a sum to be proven at trial;

2.    For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

3.    For punitive damages against DEFENDANT OFFICER JODI BROWN, DOES 1-50 in a sum according to proof;

4.    For reasonable attorney's fees pursuant to 42 U.S.C. section 1988;

5.    For reasonable attorney's fees pursuant to California Civil Code section 52.1;

6.    Declaratory and injunctive relief, including but not limited to the following:

    a.    An order requiring Defendants to institute and enforce appropriate and lawful policies and procedures for disciplining officers who engage in excessive force.

COMPLAINT FOR DAMAGES

b.  An order removing Defendant Jodi Brown from active duty due to her history of excessive force and risk of imminent irreparable harm to the Vallejo community.

7.  For costs of suit herein incurred; and

8.  For such other and further relief as the Court deems just and proper.


Dated: March 2, 2021.                    Respectfully submitted,
                                         THE MAHER LAW GROUP, APC




                                         __/s/ Vincent R. Maher____
                                         VINCENT R. MAHER
                                         Attorney for Plaintiff

                                         CASE LAW LTD.


                                         /s/ Jeffrey L. Mendelman
                                         JEFFREY L. MENDELMAN
                                         Attorney for Plaintiff

COMPLAINT FOR DAMAGES